HAVERFIELD, Judge.
Plaintiff-appellant in these consolidated appeals seeks review of three adverse judgments. The salient facts are as follows :
On or about January 1, 1967 plaintiff-appellant, Dell V. Spiva, Jr., became an apprentice pilot for the Port of Miami pursuant to § 310.04, Fla.Stat., F.S.A. which read in part as follows: “ . . .In filling the vacancies in the number of licensed pilots for any port, the board of pilot commissioners shall prefer, in the order of a service, those who have served apprenticeship under this law . . .” Plaintiff’s apprenticeship was for a period of four years, terminating on December 31, 1970. In November 1970, one of the Port of Miami’s eight pilots, the maximum number at the time authorized by § 310.03, Fla.Stat., by reason of a severe accident became totally disabled and could no longer perform his duties as a pilot. On December 8, 1970 a harbor pilot’s license for the Port of Miami was issued by the Board of Pilot Commissioners of the Port of Miami to Paul E. Francouer who previous thereto had applied for the license and was qualified for the position. Francouer then, as agreed, became a member of the Biscayne Bay Pilots Association, a partnership, which consists of all licensed pilots in the Port of Miami and which owns and operates the pilot boats and handles the collection of accounts with an equal division of the profits among the pilot partners. Having never returned to work the incapacitated pilot resigned on January 1, 1973. On January 22, 1973, plaintiff-appellant as a result of not having been appointed the eighth pilot, filed a complaint for declaratory judgment against the Board of Pilot Commissioners and Paul E. Francouer wherein he sought to obtain a judicial declaration of a preference in appointment in filling pilot vacancies in the Port of Miami and in addition sought to void the license issued to Fran-couer. At the time this cause came on for trial, § 310.04, Fla.Stat., F.S.A had been amended to read in part as follows: “. . . In filling vacancies in the number of licensed pilots for any port, the board shall have the authority to appoint the individual it considers most qualified, giving due consideration to those who are serving or who have completed their apprenticeship under this law, but the final selection shall be made on the basis of the best qualified applicant. . . .’’At the conclusion of the trial, the judge entered judgment in favor of Paul Francouer and directed the Board of Pilot Commissioners to issue a pilot’s license to Francouer. The court further adopted the guidelines established by the U. S. District Court of the Southern District of Florida in Case No. 71-1198-Cir-WM regarding the procedures for the testing of applicants for pilot licenses and ordered the Board to comply therewith. The judge also ruled that the fact that an applicant for a pilot’s license may have previously served as an apprentice pilot shall not entitle that applicant to *365 any preference per se with regard to the appointment of pilots.
Plaintiff-appellant also filed a complaint for money damages against Julian M. Fernandez[1] and Paul Francouer and alleged a conspiracy on the part of Fernandez to deprive plaintiff from being appointed as a pilot on December 8, 1970 and/or that Francouer had agreed to pay to the Biscayne Bay Pilots Association $50,000 for membership in order to cause a license to be issued to Francouer. Based upon the undisputed facts in this suit, the trial judge granted the defendants’ motions for final summary judgment against the plaintiff. Plaintiff-appellant appeals all three judgments.
For his first point on appeal plaintiff-appellant contends that the trial court erred in not declaring that plaintiff as an apprentice pilot acquired a vested' right to a preference in appointment as a pilot when an appointment thereof was made on December 8, 1970. We cannot agree.
On December 8, 1970 the record clearly reflects that plaintiff (1) previously had failed the Coast Guard examination given to obtain a pilot's license, (2) did not hold a radar certificate which was essential, (3) had not filed any written request to be considered as a pilot, and (4) had not completed his four year apprenticeship. Thus, it is apparent that appellant Spiva was not qualified for the position of pilot on December 8, 1970 and, therefore, had no vested right thereto.
As to appellant’s third point on appeal with respect to the granting of the summary judgments in favor of the defendant-appellees Fernandez and Fran-couer on plaintiff’s claim for money damages, we conclude the record amply supports the trial judge’s action as plaintiff failed to prove any conspiracy. See Renpak, Inc. v. Oppenheimer, Fla.App. 1958, 104 So.2d 642.
We also considered appellant’s second point on appeal and find that to be lacking in merit.
Accordingly, the three judgments herein appealed are affirmed.
Affirmed.

. A member of the Board of Pilot Commissioners.